O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Plaintiff's Motion for Summary Adjudication

Pending before the Court is Plaintiff's Motion for Summary Adjudication. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Plaintiff's Motion.

I.   Background

Plaintiff Randy Stratton ("Plaintiff") is the author and illustrator of the book "Build This Bong: Instructions and Diagrams for 40 Bongs, Pipes and Hookahs" ("Build This Bong" or the "Book"). *See Compl.* ¶ 12. Plaintiff applied for and received copyright registrations for the Book itself, TX 6612087, and for the underlying illustrations, VA 1422242. *See id.*; *see also Stratton Decl.*, Exs. A, C (the Copyright Registrations). Ringing true to its name, the Book explains that a bong can consist of almost anything that allows a user to inhale the smoke of a burning substance after it has gone through, and been cooled by, a small amount of water. *See Horwitz Decl.*, Ex 1 at 9. To show how truly easy it is to create a bong, Plaintiff's book includes the materials needed and the steps involved to create forty different bongs, as well as mechanical-type illustrations showing the bongs made out of, *inter alia*, honey bears, apples, cantaloupes, dryer hoses and crushed aluminum cans. *See Horwitz Decl.*, Ex. 1.

Defendant Upper Playground Enterprises, Inc. ("Defendant" or "Upper Playground") designs and distributes clothing. *See Compl.* ¶ 7. It is undisputed that in 2008, Upper Playground obtained a copy of the Book and gave it to a designer with the instruction "to take the designs from the book to create a T-Shirt for Upper Playground." *See Def's Statement of*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

*Genuine Issues of Fact* ("*SGIF*") Nos. 6-8; *Linde Decl.*, Ex. J at 32:18-21.[1] There is also no dispute that Defendant then sold the t-shirt (the "Shirt") imprinted with the drawings contained in the Book. *See SGIF* Nos. 9-10. On July 6, 2009, attorneys for Plaintiff sent Defendant a letter stating that Defendant's t-shirt infringed on Plaintiff's copyright with a request that Defendant immediately stop selling the Shirt. *See Linde Decl.* ¶ 4, Ex. H. Defendant continued to sell the Shirt until September 22, 2009. *See id.*, Ex. E at 4:11-12.

On December 1, 2009, Plaintiff filed a Complaint with this Court alleging that Defendant's Shirt infringed on his valid copyright. Pending before the Court is Plaintiff's Motion for Summary Adjudication regarding copyright infringement and willfulness. For the reasons that follow, the Court GRANTS Plaintiff's Motion.[2]

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies this burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257. A non-moving party who bears the burden of proving an essential element to its case at trial must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). An issue of fact is a genuine issue if it can reasonably be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51. Furthermore, "a district court has the responsibility to construe all facts in the light most favorable to the non-moving party." *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009).

---

[1] See the attached appendix for a comparison of Plaintiff's work and Defendant's work.

[2] Also before the Court is Defendant's Cross-Motion for Summary Judgment regarding non-infringement based on the invalidity of Plaintiff's copyright. The Court's determination that Defendant's shirt infringes Plaintiff's copyright necessarily moots Defendant's Cross-Motion. Moreover, the Court notes that the Cross-Motion is untimely, a separate grounds for denial. *See Standing Order* ¶ 6(c) (requiring that a motion for summary judgment be filed at least forty-nine days prior to the hearing date).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

III.  Discussion

Plaintiff's only claim in this case is for copyright infringement under 17 U.S.C. § 101, *et seq*.

    A.  Requirements for Copyright Infringement

17 U.S.C. § 102 provides that:

Copyright protection subsists, in accordance with this title, *in original works of authorship fixed in any tangible medium of expression*, now or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.  Works of authorship include the following categories: . . .

    (5) pictorial, graphic, and sculptural works;

17 U.S.C. § 102 (emphasis added).  Furthermore, subject to certain exceptions,

the owner of copyright under this title has the *exclusive rights to do and to authorize* any of the following:

    (1) to *reproduce the copyrighted work in copies* or phonorecords; . . .

    (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly.

17 U.S.C. § 106 (emphasis added).  Also, "[c]opyright in a work protected under this title vests initially in the author or authors of the work."  17 U.S.C. § 201(a).

In a lawsuit claiming copyright infringement, "[a] copyright plaintiff must prove (1) ownership of the copyright; and (2) infringement - that the defendant copied protected elements of the plaintiff's work."  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126 (2001) (internal citations and quotation marks omitted).  *See also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) ("Plaintiffs must

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.") (citation omitted).

1. Copyright Validity

The first step in any copyright infringement analysis is to determine whether the purported copyright is valid. *See Three Boys Music*, 212 F.3d at 481. As a starting point, the Court notes that a "certification of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Presenting a certification of copyright registration thus "shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

"Registration of a copyright does not create an irrefutable presumption of validity," *Durham Indus. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1986), and to rebut that presumption, "an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement," *Entm't Research Group*, 122 F.3d at 1217. Among other reasons, a challenge to an alleged copyright can be based on the improper protection of: (1) an unoriginal work, (2) a useful article, or (3) an idea, method or procedure. *See* 17 U.S.C. §§ 101-102. In addition, if copyright registration was a product of fraud, the holder may be barred from pursuing an infringement action. *See Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

In this case, Plaintiff obtained the copyrights in 2007, and the Court treats them as presumptively valid. *Stratton Decl.* ¶ 3.

2. Violation of an Exclusive Right

The next step in the infringement analysis is to determine whether the "alleged infringers violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10*, 508 F.3d at 1159. Those rights include reproduction, adaptation, public distribution, public performance and public display. 17 U.S.C. § 106.

B. Whether Upper Playground Infringed Plaintiff's Copyright

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

Defendant does not challenge, indeed concedes, that it took the illustrations from Plaintiff's book and included them on the Shirt it offered for sale. *See SGIF* Nos. 8-9 (agreeing with Plaintiff's statements that Defendant "used illustrations from the Book . . . in preparing the layout for the T-Shirt" and that the Shirt "bears drawings contained" in the Book). The only dispute in the case, therefore, is whether Plaintiff's copyright covering the illustrations in the Book is valid. Defendant challenges it on four separate grounds: (1) the illustrations are not "original," (2) the illustrations depict "useful articles," (3) Plaintiff's copyright registration is a result of fraud, and (4) the illustrations show an "idea, method, or procedure" that is not covered by copyright law. The Court addresses each in turn.

    1.    <u>Originality</u>

Defendant first contends that Plaintiff's copyright is invalid because the Book's illustrations are not "original." *See Opp'n* 3:17-8:17. More specifically, Defendant argues that bongs are ubiquitous smoking devices and that because Plaintiff's "diagrams demonstrate various ways to construct a common smoking device" without adding anything "original to the construction of a bong," the illustrations cannot be protected as original works. *Id.* 6:16-24; *see also id.* 7:7-8:12 (arguing that bongs all contain "a bowl, a stem, a cylinder, and a carb" and that Plaintiff's design adds no "substantial originality to the basic, age-old design of a bong"). Defendant's argument, however, is unavailing as it seemingly conflates copyright protection with patent protection.

A valid copyright exists in "original works of authorship." 17 U.S.C. § 102. "Originality, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) (internal citations omitted). "The requisite level of creativity is extremely low; even a slight amount will suffice." *Id.* Copyright protections can extend to depictions of common goods such as Campbell's soup cans, *see United Feature Syndicate, Inc. v. Koons*, 814 F. Supp. 370, 372 (S.D.N.Y. 1993), hardware merchandise, *see Lin-Brook Builders Hardware v. Gertler*, 352 F.2d 298 (9th Cir. 1965), geography, *see Ventura County v. Blackburn*, 362 F.2d 515 (9th Cir. 1966), or even a human face, like that of Oscar Wilde, *see Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 54, 4 S. Ct. 279, 28 L. Ed. 349 (1884). It is only the work that need be original, not necessarily the subject of the work. Justice Holmes made this point when he wrote that even if certain illustrations had been "drawn from the life, that fact would not deprive them of protection. The opposite proposition would mean that the portrait by Velasquez of Whistler was common property because others might try

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

their hand on the same face. *Others are free to copy the original. They are not free to copy the copy.*" *Bleistein v. Donaldson*, 188 U.S. 239, 251, 23 S. Ct. 298, 47 L. Ed. 460 (1903) (emphasis added).

There is no dispute that Plaintiff created, rather than copied, the illustrations of the bongs in the Book. And while the drawings depict arguably common items, Plaintiff presents evidence that he depicted the bongs in his own way, using the lines, shapes and angles of his choosing. *See Mot.* 5:13-15; *see also Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763 (9th Cir. 2003) (holding no copyright infringement where two photographs depict the same glass bottle, but differ in "lighting," "angles," "shadows," "highlighting," "reflections," and "background").

Defendant's reliance on the Second Circuit's *Durham Industries, Inc. v. Tomy Corporation* does little to support its case. In that case, Tomy Corporation accused Durham Industries of copying certain Tomy toys depicting various Walt Disney characters. *See Durham Indus. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980). Although Tomy had copyrighted its toys, Durham successfully defended Tomy's infringement claim by arguing that Tomy's copyrights were invalid as the toys were lacking originality. *Id.* at 910. Originality was the key in the case because Disney held a presumptively valid copyright in its characters, meaning that in order for Tomy's copyright to be valid in those same characters—known as a "derivative work"—Tomy's work must have added something original. *Id.* In this case, Defendant presents no evidence that the depictions of the bongs are derivative works requiring differentiation from an already copyrighted work like the toys in *Durham Industries*.

Plaintiff wisely does not claim that he invented bongs. Instead, Plaintiff only claims that his *depictions* of various bongs are original and his own. Defendant's suggestion that Plaintiff's illustrations lack originality because they do not add anything to the "basic, age-old design of a bong," misses the point and is not sufficient to overcome the copyright's presumptive validity. *Opp'n* 8:14-17; *see also L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 490 (2d Cir. 1976) (explaining that "originality" in copyrights law is not the same as "novelty" in patent law).

      2.    <u>Useful Articles</u>

Defendant's next argument is that because Plaintiff's illustrations depict bongs, which are "useful articles," the illustrations are not protected by copyright law. *See Opp'n* 8:18-11:2. Defendant misinterprets the reach of copyright law. As defined by the Copyright Act, a "useful article," which is generally not afforded copyright protection, is "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

information." *See* 17 U.S.C. §§ 101, 102(a)(5). Built in to the definition, however, is the idea that works "intended only to portray" a useful article are not subject to the useful-article restriction. *See Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 916 n.12 (9th Cir. 2010). Even assuming that a bong is a "useful article" (which likely depends on who one asks), Plaintiff's illustrations are nothing but drawn portrayals of that "useful article," lacking "intrinsic utilitarian function[s]" of their own. As a result, Defendant's useful article argument fails and does not rebut Plaintiff's copyright's presumptive validity.[3]

       3.       <u>Fraud in the Registration Process</u>

As another independent way to invalidate Plaintiff's copyright, Defendant argues that Plaintiff did not provide full and accurate information to the Copyright Office, and that if he did so, "his application would have been rejected." *Opp'n* 12:11-12. More specifically, Defendant claims that Plaintiff misled the Copyright Office by stating only that "illustrations" are in his book, omitting the fact that there are also "old photographs of unknown origin" as well as "photographs which appear to have been altered by the process of photoshopping." *Opp'n* 11:18-19. In addition, Plaintiff did not disclose that the copyright was to cover "useful articles," which are not subject to copyright protections. *Id.* 8:8-13.

Taking Plaintiff's second argument first, the Court already rejected the contention that Plaintiff's copyright covers "useful articles." The derivative argument of fraud on the Copyright Office similarly fails. As far as other omissions are concerned, the Court notes that "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless . . . the claimant intended to defraud the Copyright Office by making the misstatement." *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997). Defendant offers no evidence that Plaintiff's alleged omissions were made with knowledge and intent to defraud the Copyright Office. Accordingly, there is no material issue of fact related to Plaintiff's alleged fraudulent conduct and there is no basis to invalidate the copyright on these grounds.

       4.       <u>Ideas, Methods of Operation and Concepts</u>

---

[3] Defendant does not argue or present any evidence that the illustrations, as diagrams, are useful in and of themselves—only that the bongs are useful articles. As a result, the Court does not consider that argument but notes that "maps, globes, charts, diagrams, models, and technical drawings, including architectural plans" are subject to copyright protections "insofar as their form but not their mechanical or utilitarian aspects are concerned." *See* 17 U.S.C. § 101.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

Defendant's final argument is that because the illustrations show "a method or procedure for assembling bongs," they cannot be subject to copyright protection. *Opp'n* 14:4-6. The Copyright Act provides that copyright protection does not extend to any "idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied." 17 U.S.C. § 102(b). However, there is an "idea/expression dichotomy" that distinguishes the actual ideas, processes, concepts, or other § 102(b) factors, from the expression of those same things. *See Eldred v. Ashcroft*, 537 U.S. 186, 219, 123 S. Ct. 769, 154 L. Ed. 2d 683 (2003). For example, the process of making wine by crushing grapes is not entitled to copyright protection, but a painting of a person excitedly jumping up and down, barefoot, in a wooden barrel, located in the middle of a vineyard, under the Tuscan sun is. *See Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) (L. Hand, J.) ("[T]here can be no copyright in the 'ideas' disclosed but only in their 'expression'").

Plaintiff did not seek and receive copyright protection for the process of making a bong. Nor is he entitled to sue those people who follow the recommendations in the book and build the bongs depicted. What Plaintiff is entitled to, however, is to seek legal remedies from those people who reproduce, verbatim, the original illustrations he created depicting those bongs. The concept of a bong and the process followed in making a bong are outside the reach of copyright law, but the artistic expression of the concept and process are not. Plaintiff sought protection for the latter, not the former.

Defendant presents no legally relevant evidence sufficient to invalidate Plaintiff's copyright. Furthermore, Defendant concedes that it used the illustrations from Plaintiff's book on the Shirt it offered for sale. Accordingly, there is no need for the Court to analyze whether there was infringement—Defendant admitted to that. The only thing left for the Court to resolve is whether Defendant's conduct was "willful."

  C. <u>Willful Copyright Infringement</u>

Under the Copyright Act, a Plaintiff who proves "willful" copyright infringement is entitled to elevated statutory damages. 17 U.S.C. § 504(c)(1). "Willful," as used by the Copyright Act, means "knowledge that the defendant's conduct constituted an act of infringement," *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 (9th Cir. 1990) *cert. denied* 498 U.S. 1109, 111 S. Ct. 1019, 112 L. Ed. 2d 1100 (1991), or that the defendants "acted with reckless disregard as to whether they were [infringing]," *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). In order "to refute evidence of willful infringement, [a defendant] must not only

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief." *Peer Int'l Corp.*, 909 F.2d at 1332.

In this case, Plaintiff presents undisputed evidence that his attorneys sent Defendant a letter stating that the Shirt infringes on Plaintiff's copyright, *SGIF* No. 12, that Defendant received the letter, *id.* No. 13, and that Defendant continued to sell the Shirt for over two months, *id.* No. 14. Moreover, Defendant not only fails to address Plaintiff's argument that the conduct was willful, but, more importantly, fails to provide its own rebuttal evidence of its reasonable, good faith belief that its conduct was not infringing.

IV. Conclusion

Based on the foregoing, there is no reasonable dispute about the following material facts: (1) Plaintiff owns a valid, registered copyright in his illustrations; (2) Defendant willfully copied the illustrations from the book onto the Shirt and offered it for sale without Plaintiff's authorization. As a result, Plaintiff is entitled to summary adjudication on those issues. Plaintiff's Motion for Summary Adjudication is GRANTED.

**IT IS SO ORDERED.**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |

APPENDIX



Defendant's Shirt



The "Apple Bong" in Plaintiff's book (Left) and on Defendant's Shirt (Right)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8796 PSG (PJWx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Randy Stratton v. Upper Playground Enterprises, Inc. | | |



The "Vaporizer" in Plaintiff's Book (Left) and Defendant's Shirt (Right)



The "Acrylic Hookah" in Plaintiff's Book (Left) and Defendant's Shirt (Right)